United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ralph J. Hyppolite II, Petitioner-Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 22-21786-Civ-Scola ) |
| The Honorable Frank Kendall, and others, Respondents-Defendants. | ) ) ) |

## Order Adopting in Part Magistrate Judge's Report and Recommendations

This action is a petition for habeas corpus, among other related relief, by Petitioner Ralph J. Hyppolite II and was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendations on any dispositive matters. (ECF No. 19.) Judge Goodman has issued a report on Hyppolite's habeas petition, recommending that this Court 1) deny Hyppolite's habeas petition without prejudice, 2) permit Hyppolite to add the Air Force Clemency and Parole Board ("AFCPB") as a Respondent, 3) transfer the case to the District of Maryland, and 4) decline to issue a certificate of appealability. (Rep. & Rec., ECF No. 35 at 19.) Judge Goodman also recommended that this Court deny without prejudice Hyppolite's requests for declaratory judgment and a writ of mandamus. After reviewing the filings, the applicable law, and the record, the Court **partly adopts** Judge Goodman's **report and recommendations** (**ECF No. 35**), denying the habeas petition without prejudice and transferring the case to the District of Maryland, where Hyppolite may amend his petition to add the Air Force Clemency and Parole Board as a Respondent as that court sees fit. The Court also declines to issue a certificate of appealability and denies without prejudice Hyppolite's requests for declaratory judgment and a writ of mandamus.

1. **Background**

This matter arises from Ralph J. Hyppolite II's petition to this Court for a writ of habeas corpus, writ of mandamus, and declaratory judgment relating to his Air Force court martial sentence of six years of imprisonment and subsequent parole. The facts and procedural history are complex—as the Magistrate Judge notes, Hyppolite "was convicted in Japan, imprisoned in California, and now presently resides in Florida." (Rep. & Rec., ECF No. 35 at 10.)

However, most relevant for our purposes are the facts relating to the organization or official with authority over Hyppolite at the time that he filed his petition because "the proper respondent to a habeas petition is the person who has custody over the petitioner." (Rep. & Rec., ECF No. 35 at 8 (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).) The Air Force Clemency and Parole Board had granted Hyppolite parole when he filed this petition. (Rep. & Rec., ECF No. 35 at 15.) At the time, violations of the terms of Hyppolite's parole were reported to the AFCPD. (*Id.*)

### 2. Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

### 3. Analysis

Both the Respondents and the Petitioner have filed objections. The Respondents object to the Magistrate Judge's recommendation that Hyppolite be permitted to add the AFCPB as a Respondent on the grounds that the AFCPB no longer has any authority over Hyppolite. (Resp'ts' Objs., ECF No. 37 at 2.) Hyppolite's sentence expired on June 7, 2023, and therefore, they argue, only the Secretary of the Air Force maintains any legal authority to act on a judicial order on Hyppolite's habeas petition. The Respondents contend that the case should therefore be transferred to the Eastern District of Virginia, where the Secretary of the Air Force is located. (Resp'ts' Objs., ECF No. 37 at 2.) The correct sequence of events, in the Respondents' view, is to 1) dismiss the Secretary of Defense, Chief Probation Officer, Department of Defense, Department of the Air Force, and the United States as Respondents, 2) dismiss without prejudice Hyppolite's mandamus and declaratory judgment requests,

3) deny a certificate of appealability, and 4) transfer the case to the Eastern District of Virginia.

Hyppolite also objects to the report and recommendations, but only on the grounds that the order in which the Magistrate Judge recommends that the Court proceed is unworkable. (Pet'r's Objs., ECF No. 36 at 1-2.) Hyppolite argues that first denying the habeas petition without prejudice before permitting Hyppolite to add the AFBCP as a respondent is not possible because the denial would strip the Court of jurisdiction, although he does not offer any authority for this argument. (*Id.*) Instead, Hyppolite requests that the Court allow him to add the AFBCP as a respondent *before* dismissing the claims without prejudice and transferring the case to the District of Maryland. (*Id.* at 2.) Hyppolite also objects to the Magistrate Judge's recommendation that the Court decline to issue a certificate of appealability because Hyppolite has made a substantial showing of the denial of a constitutional right and that reasonable jurists could debate whether the petition should have been resolved differently. (*Id.*)

The Court does not accept the objections of either the Petitioner or the Respondents, and largely adopts the recommendation of the Magistrate Judge, with a small adjustment. First, the Court disagrees with the Respondents that the Secretary of the Air Force is the appropriate authority for purposes of habeas jurisdiction here. As Judge Goodman recognized, courts analyze habeas jurisdiction, including the custody determination, as of the date of the petition's filing. *See Brown v. Kendall*, No. CV DLB-22-410, 2023 WL 2648781, at *4 (D. Md. Mar. 27, 2023). "[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on [the habeas] application." *Plymail v. Mirandy*, 8 F.4th 308, 314 (4th Cir. 2021). Instead, jurisdiction remains with the organization or person with custody of a petitioner at the time of the petition's filing, as the District of Maryland held last year. *See Brown*, 2023 WL 2648781, at *4. The Court therefore agrees with the Magistrate Judge (and the Petitioner) that the appropriate destination for this case is the District of Maryland, where the AFCPB is located.

Second, the Court rejects the Petitioner's argument that the Court should allow him to amend his petition to add the AFBCP as a respondent before the Court denies the habeas petition, but also parts ways with the Magistrate Judge on this point. (Pet'r's Objs., ECF No. 36 at 1.) The Magistrate Judge recommended that the Court allow Hyppolite to add the AFBCP as a respondent after denying the habeas petition, and Hyppolite objected to the order in which to undertake those actions. The Court disagrees that Hyppolite must add the AFBCP as a respondent at all before the case is transferred. This

Court is denying the petition because it lacks jurisdiction; the district court with jurisdiction over the case is the one positioned to consider arguments on the proper respondent, and it has done so in the past post-transfer. *See Brown v. Kendall*, No. CV DLB-22-410, 2023 WL 2648781, at *4 (D. Md. Mar. 27, 2023). The Court therefore declines to allow Hyppolite to add the AFCPB as a respondent pre-transfer.

The Court also disagrees with the Petitioner that a certificate of appealability should issue. A denial of a habeas corpus petition is only appealable upon a district court's issuance of a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. To meet this standard, a petitioner must show that "reasonable jurists could debate whether [. . .] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (cleaned up). This is not a decision on the merits of the habeas petition and does not implicate any alleged denial of Petitioner's constitutional rights—this order merely ensures that the court considering the petition has jurisdiction at all. The Court therefore will not issue a certificate of appealability.

### 4. Conclusion

For the reasons discussed above, the Court **partly adopts** the Magistrate Judge's report and recommendations (**ECF No. 35**), denying without prejudice Hyppolite's petition for habeas corpus and **transferring** this case to the District of Maryland with the understanding that Hyppolite will move to add the Air Force Clemency and Parole Board as a respondent upon transfer. The Clerk shall take all necessary steps to ensure the prompt transfer of this action to the United States District Court for the District of Maryland.

Additionally, the Court adopts the Magistrate Judge's recommendations to dismiss the declaratory judgment and mandamus claims. No party objected to these recommendations, and the Court does not find them to be clearly erroneous.

**Done and ordered**, in Miami, Florida, on January 24, 2024.

Robert N. Scola, Jr.
United States District Judge